Patricia M. Hoffner, in Her Own Right; Charlotte and Joseph Hoffner, in Their Own Right and as Parents and Natural Guardians of Patricia M. Hoffner, and Michelle Hoffner, in Her Own Right, Petitioners v. Claire Hodge, M.D., Paoli Memorial Hospital, Jack C. White, M.D., and William H. Beekley, M.D., Respondents.
(2 Cases)

278

Argued October 2, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*James E. Beasley*, with him *Beasley, Hewson & Casey*, for petitioners.

*Jerry Zaslow*, M.D., J.D., for respondent, Claire C. Hodge, M.D.

*Raymond J. Falzone, Jr.*, with him *John A. Luchsinger*, and *Luchsinger, Murphy & Noel*, for respondent, Paoli Memorial Hospital.

OPINION BY JUDGE WILKINSON, JR., November 14, 1979:

In this appeal, petitioners (plaintiffs) seek review of the orders of the Administrator of Arbitration Panels for Health Care (Administrator) which granted respondents' (defendants) preliminary objections[1] to paragraph 22 and Count IV of plaintiffs' Complaint brought under the provisions of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §1301.101 *et seq.* We affirm.

Plaintiffs' case, a medical malpractice action, arose out of a surgical procedure performed on plaintiff, Patricia Hoffner, on April 27, 1976. Plaintiffs Michelle Hoffner, Patricia's identical twin sister, and Charlotte and Joseph Hoffner, parents of the girls seek recovery for the "great pain and mental anguish" they suffered as a result of the allegedly negligent surgery and resulting injuries sustained by Patricia.

The Administrator dismissed the claims based on negligent infliction of emotional distress holding that such claims failed to state a cause of action recognized by the law of this Commonwealth. The Administrator rejected plaintiffs' claims on the authority of *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), finding the plaintiffs were not in the "zone of danger" created by the alleged negligence.

As of July 11, 1979 *Niederman, supra,* no longer represents the law of the Commonwealth in this area. *Sinn v. Burd,*      Pa.    , 404 A.2d 672 (1979). In an attempt to eliminate the "arbitrariness" inherent

---

[1] The defendants presented three preliminary objections, being a motion to strike, a demurrer, and a motion for a more specific pleading. Since the preliminary objection in the nature of a demurrer is dispositive of the issues presented by this appeal the following discussion will be so limited.

in the "zone of danger" test, the Supreme Court substituted therefor an analysis based on the traditional tort law concept of foreseeability.

Justice NIX in *Sinn, id.* at 404 A.2d at 685 noted with approval the three factors found by the California Supreme Court in *Dillon v. Legg,* 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968) to be determinative of whether the emotional injuries of a third person were reasonably foreseeable:

> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. Dillon v. Legg, 69 Cal. Rptr. at 80, 441 P.2d at 920.

Chief Justice EAGEN in *Sinn, id.* at , 404 A.2d at 687 reached the following conclusions:

> Recovery should be permitted in cases of this nature even where the plaintiff is beyond the scope of danger if (1) the plaintiff is closely related to the injured party, such as a mother, father, husband or wife; (2) the plaintiff is near the scene of and views the accident; (3) the plaintiff suffers serious mental distress as a result of viewing the accident and physical injury or suffers serious mental distress and there is a severe physical manifestation of this mental distress.

The exceedingly able and detailed discussion of the law applicable to this case by Chief Justice EAGEN,

Justice ROBERTS, and Justice NIX in *Sinn* makes it unnecessary to discuss the matter here. All three opinions expressed the view that the law in Pennsylvania requires the personal observation of the event. No exception is made for an identical twin who alleges she is present at all times with her twin sister, albeit she is in a different physical location. The traumatic impact from viewing the negligent injury of one's close relative is wholly absent in this case.

Accordingly we will enter the following

ORDER

AND Now, November 14, 1979, the orders of the Administrator of Arbitration Panels for Health Care at Docket No. M78-0212 entered November 15, 1978, and December 14, 1978 striking paragraph 22 of Count III and Count IV of petitioners' amended complaint are hereby affirmed.

---

CONCURRING OPINION BY JUDGE DISALLE:

I concur in the result only. Consistent with the views expressed in my dissenting opinion in *Knight v. Annon*, 38 Pa. Commonwealth Ct. 1, 391 A.2d 1101 (1978), I believe that review of the Administrator's order in this case should have gone to the appropriate Court of Common Pleas.