## Waterstradt v. Angeloni

*Stephen J. Margolin,* for plaintiff.
*Francis E. Marshall,* for defendants.

FRANKSTON, *Administrator,* May 28, 1980—
This action has been brought by plaintiff, Ms. Mildred Waterstradt, as administratrix of the Estate of Anna Marie Waterstradt, deceased, alleging that the negligent care and treatment of decedent by defendant, The Hospital of the Philadelphia Col-

lege of Osteopathy and its agent or servant, defendant John D. Angeloni, D.O., resulted in the impairment of circulation, gangrene and infection of decedent's legs and buttocks, all of which may have caused her death.

On April 15, 1980, plaintiff filed her complaint. On April 21, 1980, defendants filed preliminary objections and a memorandum of law containing four bases for a motion to strike and also a motion for a more specific complaint. On May 5, 1980, plaintiff filed an amended complaint and an answer to defendants' preliminary objections and thereafter, on May 8, 1980, plaintiff filed a memorandum of law contra defendants' preliminary objections. We note that plaintiff's amended complaint has cured all preliminary objections save defendants' motion to strike plaintiff's third cause of action which reads as follows:

## "THIRD CAUSE OF ACTION

"15. Plaintiff from time to time between March 7, 1978 and June 5, 1978, visited plaintiff's decedent, her mother, while she was a patient under the treatment and care of defendants.

"16. On or about April and May, 1978, plaintiff observed plaintiff's decedent, while her legs were infected with gangrene, and her buttocks were infected, as a result of the carelessness, recklessness and/or negligence of defendants.

"17. The observation of plaintiff's decedent by plaintiff as aforesaid, caused plaintiff to suffer serious mental and emotional distress as a result of viewing the physical injury."

We note that this "bystander" cause of action is asserted on behalf of Ms. Mildred W. Waterstradt, in her own right, even though she has not been so

named as a plaintiff. It is our belief that the third cause of action stated in plaintiff's amended complaint cannot be supported under the present law. If we applied the test set out in Hoffner v. Hodge, _____ Pa. Commonwealth Ct. _____, 407 A. 2d 940 (1979), Ms. Waterstradt would have no personal cause of action for negligent infliction of mental distress as a result of defendants' alleged negligent conduct toward decedent. Plaintiff's memorandum citing Hoffner, above, states: "The claim in plaintiff's Third Cause of Action is cognizable where . . . (2) plaintiff personally viewed the negligent action and injury. . . ." However, plaintiff's amended complaint pleads only observation of the injury and not of the negligent action giving rise to it.

Even if the complaint were amended further to allege personal observation of the event which gave rise to the mental distress attributed to defendants' alleged negligence, we believe that the third cause of action could not be sustained.

In recent years, the Pennsylvania Supreme Court has expanded the scope of the tort known as negligent infliction of mental distress. The prior law was applied in Knaub v. Gotwalt, 422 Pa. 267, 220 A. 2d 646 (1966), and permitted a plaintiff to recover for negligent infliction of mental distress only on a showing of a physical impact, i.e., physical injury. See also Bosley v. Andrews, 393 Pa. 161, 142 A. 2d 263 (1958). The "impact rule" was abandoned in Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), where plaintiff was in the zone of danger created by defendant's negligence. In Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), a plaintiff outside the "zone of danger" was permitted to recover. Justice Nix's opinion used an analysis based on the traditional tort concept of foreseeability.

.Both Niederman and Sinn, above, dealt with mental distress suffered by a bystander who observed a catastrophic or cataclysmic event involving a negligently operated automobile. Underlying the liability imposed was a sudden and inexorable movement of a juggernaut threatening destruction and death to those in its path. Perhaps such a sudden, violent and brief triggering event provides a seal of veracity for one who seeks damages for ensuing serious mental distress. We do not so hold, but we believe that lacking such an event plaintiff cannot find support for her claim for mental distress in Sinn v. Burd. There Justice Nix and Chief Justice Eagen used the term "accident" in defining the conditions necessary to support a bystander's cause of action for negligent infliction of mental distress. . Since Sinn v. Burd involved mental distress triggered by the observation of a violent death, we do not believe its holding is applicable to the present claim which involves the drawn out and debilitating events of a course of medical treatment.

While we have no problem accepting the genuineness of a daughter's sorrow suffered in connection with her mother's terminal illness, we do not believe that such feeling now supports a cause of action for negligent infliction of mental distress nor do we believe that the courts of Pennsylvania have obliterated the distinction between shock and sorrow. Before we can sustain plaintiff's third cause of action, an appellate court must take the first step by granting a plaintiff a cause of action for mental distress resulting from the observance of the suffering of a close relative who is undergoing a course of medical treatment.

Finally, if the third cause of action were sustained, we would have to transfer it to the proper

court of common pleas. Section 309 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, provides:

"Section 309. Jurisdiction of Arbitration Panel.

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a *patient* or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." (Emphasis supplied.)

The cause of action for negligent infliction of mental distress asserted in the complaint is not that of decedent nor of Ms. Waterstradt as administratrix. Rather, it is asserted on behalf of one who was not a patient and therefore not within the limited jurisdiction granted to this tribunal by the Health Care Services Malpractice Act. Under such circumstances, we question whether we would have jurisdiction over plaintiff's third cause of action.

Therefore, we enter the following

## ORDER

And now, May 28, 1980, upon consideration of the foregoing opinion, it is hereby ordered and decreed that defendants' motion for a more specific complaint and paragraphs 1, 2 and 4 of defendants' motion to strike have been cured by plaintiff's amended complaint and are therefore dismissed. It is further ordered and decreed that paragraph 3 of defendants' motion to strike is sustained and the third cause of action contained in plaintiff's amended complaint is dismissed.