**Richard D. BLISS and Karyn M. Bliss, individually and as next friends and parents of Whitney Bliss, a minor,**

v.

**The ALLENTOWN PUBLIC LIBRARY; the School District of the City of Allentown, individually and as Trustee for The Allentown Public Library; and Kathryn Stephanoff.**

**Civ. A. No. 80–2523.**

United States District Court, E. D. Pennsylvania.

Sept. 19, 1980.

---

**5.** This was proposed by the Secretary on September 28, 1979. 44 *Fed.Reg.*

Mark H. Scoblionko, Allentown, Pa., for plaintiffs.

Thomas A. Wallitsch, Allentown, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

In mid October 1979 plaintiffs' minor child visited the Allentown Public Library (the Library) and attempted to hug or swing from a metal sculpture standing on a wooden pedestal in the sitting area. The statue fell upon the child and crushed bones, nerves and blood vessels in her right arm. Generally, plaintiffs seek to recover for the child's injuries. Additionally, in Count Two the child's mother seeks to recover against the Library, its Trustee and Executive Director for negligent infliction of emotional harm which the mother allegedly experienced when she heard the crash and turned to see her child lying on the floor with the statue positioned across the child's arm.[1] Defendants now move to dismiss Count Two for failure to state a cause of action, Fed.R.Civ.P. 12(b)(6), and argue that under Pennsylvania law plain-

tiffs' failure to include an allegation that the mother personally witnessed the accident causing the child's injuries deprives them of any right to recover therefor. Plaintiffs contend that direct visual perception of the accident is not a necessary component of this vicarious tort.

Recently the Supreme Court of Pennsylvania held that physical presence within the "zone of danger" was not prerequisite to recovery by a person claiming negligent infliction of emotional harm. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), *overruling Neiderman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970). The court observed that "the zone of danger requirement can be unnecessarily restrictive and prevent recovery in instances where there is no sound policy basis supporting such a result". *Sinn v. Burd*, 486 Pa. at 155, 404 A.2d at 677. Notwithstanding this elision, the traditional concept of foreseeability continues to circumscribe the extent of liability. Factors indicating the foreseeability of particular conduct and consequences include

(1) [w]hether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Sinn v. Burd,* 486 Pa. at 170, 404 A.2d at 685, quoting *Dillon v. Legg,* 68 Cal.2d 728, 740, 69 Cal.Rptr. 72, 441 P.2d 912 (1968).

In the case at bar both the first and third factors have been met indisputably. Plaintiffs enjoy a parent–child relationship, and the mother stood only twenty–five feet or so from the accident site. Additionally, the mother heard the crashing sound of the falling statue and looked up immediately to

---

1. In Count Three the father seeks damages for loss of consortium and recovery for medical expenses for both his wife and daughter. In Count Four plaintiffs seek punitive damages.

witness the statue lying upon her bleeding daughter. Under these circumstances direct visual observation of the accident need not be pleaded in order to withstand a motion to dismiss.[2] By pleading that the mother observed her child immediately prior to the accident and that she heard the statue fall upon her child and immediately witnessed the accident scene the mother has identified herself sufficiently as a "percipient witness" to state a cause of action for negligent infliction of emotional harm within the meaning of *Sinn v. Burd. See also Krouse v. Graham*, 19 Cal.3d 59, 137 Cal. Rptr. 863, 562 P.2d 1022 (1977).[3] To dismiss the mother's claim simply because her eyes were focused in another direction at the exact moment of the accident would defeat the *Sinn v. Burd* policy of avoiding arbitrary results like those created by the "zone of danger" standard, which the court jettisoned because it barred recovery "depending upon the position of the plaintiff at the time of the event". *Sinn v. Burd*, 486 Pa. at 173, 404 A.2d at 686. In the case at bar, denying the mother's claim because of the position of her eyes at the split second that the accident occurred ignores the reality that the entire incident produced the emotional injury for which she seeks redress. The mother's injury, if any, was clearly foreseeable under the circumstances, and it would not be an unreasonable extension of defendants' duty of care to impose liability if plaintiffs prove negligence at trial. *See Anfuso v. Smith*, 44 North.Co.Rptr. 203 (C.P.Northampton Co., Pa. 1980) (the Pennsylvania Supreme Court "having taken the initial step permitting recovery in *Sinn v. Burd, supra*, we can find no basis in logic or fairness for rejecting the claim of one such as the mother plaintiff herein"). As the *Sinn* court noted,

> [r]egardless of whether [plaintiff] will be ultimately successful in recovering the damages she sustained . . . "the

gravity of [plaintiff's] injury and the inherent humanitarianism of our judicial process and its responsiveness to the current needs of justice dictate that appellant be afforded a *chance* to present [her] case to a jury and perhaps be compensated for the injury [she] has incurred."

*Sinn v. Burd*, 486 Pa. at 173, 404 A.2d at 686, quoting *Niederman v. Brodsky*, 346 Pa. at 404, 261 A.2d 84 (emphasis in the original). Accordingly, defendant's motion to dismiss Count Two will be denied.

---

2. *Cf. Hoffner v. Hodge*, —— Pa.Cmwlth. ——, 407 A.2d 940 (1979) (claim of negligent infliction of emotional harm dismissed where the injuries to plaintiffs' daughter occurred in the operating room, where plaintiffs were not present physically).

3. If plaintiffs wish to amend their complaint to comply more closely to this standard, they may do so within ten days of the date of the accompanying order. *See Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980) and Fed.R.Civ.P. 15(a).