## Hazzard v. Chester County Children's Services

*Eugene A. Steger, Jr.,* for plaintiffs.
*Edwin L. Scherlis,* for defendants.

WOOD, *J.,* November 19, 1980—Defendants Chester County Children's Services and Paul Bosco have filed preliminary objections to plaintiffs' complaint in trespass seeking to have us strike paragraph 20 of said complaint.

The facts alleged are that on August 12, 1977 plaintiff parents placed their son, Jason, age six, with defendant Children's Services in accordance with terms set by Children's Service. These terms are not pleaded or attached to the pleadings. Thereupon Children's Service placed the child in the care of foster parents (the Myerses). The child was returned to his parents on October 3, 1977, at the latters' request. Upon his return, Jason was alleged to be injured and bruised and to need medi-

cal treatment as the result of alleged mistreatment and abuse by the Myerses. The parents then brought this action in trespass not only against the foster parents but also against Children's Service and its caseworker, Bosco, alleging negligence in the selection of foster parents and placement of Jason.

Paragraph 20 of the complaint reads:

"Solely because of the negligence of the Defendant-Children's Services and the Defendant-Bosco and the intentional actions of the Defendants-foster parents, Plaintiffs-Malcom Britian Hazzard and Barbara Ann Hazzard, parents and natural guardians of plaintiff-Jason Hazzard, have incurred various expenses and have undergone great physical and mental pain and suffering".

The preliminary objections seek to have us strike paragraph 20. Defendants claim that the child's parents do not have a recognizable claim for damages arising from alleged injuries to their minor son because they did not personally observe the event that resulted in the child's injuries.

Defendants cite Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), in support of their position. In Burd, the Supreme Court permitted recovery for mental anguish to a mother who saw her child struck and killed by a negligent driver, but indicated that it would not permit recovery by someone who did not actually see the accident. Objecting defendants argue that since these parents did not view the alleged striking and abuse, they should not be permitted to recover. We do not consider the situations analogous.

The Burd-type situation involves a general duty of due care owed by a driver in the operation of his

vehicle and is an attempt by the court to impose reasonable limitations on how far that duty extends. No doubt, injury or death to a child will cause some anguish to a long list of relatives and friends, but not all of them should be permitted to sue the tortfeasor to recover for the anguish. Our Supreme Court decided to draw the line at those close relatives who actually witnessed the accident and can be expected to be substantially affected by it.

As noted by the Supreme Court in its analysis, a duty of care exists between the driver and the bystander simply because it seems just under the circumstances to let the loss fall on the driver, but the duty is *circumscribed* by what the court calls "foreseeability." Sinn v. Burd, 404 A. 2d at 681, 684-5. The court uses the concept of foreseeability as a device to avoid law suits by every person connected to the injured party who is upset by the event.[1]

No such necessity exists here. It can be readily stated that the duty of care arises from the relationship between the parents and the institution (Children's Services) and its employe existing prior to the claimed injury; in other words, by accepting the child, the institution impliedly agreed *with the parents* to use due care for his maintenance. And it is "foreseeable" that a lack of due care would be distressing to exactly those persons to whom the duty is owed: parents *and* child. The range of those to whom the institution might be responsible is limited to those to whom the institution makes its im-

---

1. In terms of the dictionary definition of "foreseeability," it seems just as likely that a tortfeasor can "foresee" the anguish of an absent parent as of a present one.

plied commitment;·there is no need to narrow the field as in the Burd situation.[2]

The elements of a cause of action in negligence are three: duty of care, foreseeable harm, and proximate cause: 27 P.L.E., Negligence §§3, 5, 72. We consider that those elements are potentially present in this situation, but our review of the complaint discloses that plaintiff has not clearly pleaded that Children's Services and defendant Bosco either explicitly or implicitly agreed to use due care for the minor plaintiff's safety while he was in their care. However, paragraphs 13 and 14 do allege various *breaches* of duty, thus raising an inference that a duty existed. The preliminary objections ask us to strike a paragraph of the complaint, rather than to decide whether a cause of action has been properly pleaded. We think that the questioned paragraph, under the circumstances, pleads relevant material on the issue of proximate cause and decline to strike it.

## ORDER

And now, November 19, 1980, upon consideration of the pleadings and briefs, defendant's preliminary objections are dismissed.

---

2. Counsel has cited to us the Commonwealth Court's opinion in Hoffner v. Hodge, 47 Pa. Commonwealth Ct. 277, 407 A. 2d 940 (1979), which denies institutional responsibility to the parents of an injured child, based on Sinn v. Burd. We consider the Commonwealth Court's analysis to be too shallow, since it refers only to Burd's reasoning in concluding that a good cause of action requires personal observation of the event in all cases without analyzing the duty of care owed by defendant in the particular factual context. Accordingly, we decline to apply Hoffner here.