RAINBOW TRUCKING, INC., and Claude Kelley and Mack Financial Corporation and Freuhauf Trailer

v.

ENNIA INSURANCE COMPANY and All Risks, Ltd. and National Agents Service Company, Inc., and Don Duiser, individually and t/a Don Duiser Insurance.

Civ. A. No. 80–2300.

United States District Court,
E. D. Pennsylvania.

Nov. 25, 1980.

Harry C. J. Blair, Easton, Pa., for plaintiffs.

Michael J. Aheron, Salem, Va., for Don Duiser.

G. Wayne Renneisen, Philadelphia, Pa., for Nat. Agents.

Robert H. Dichman, Philadelphia, Pa., for Ennia Ins. and All Risks.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action to recover damages arising from an alleged breach of an insurance contract, *see Rainbow Trucking, Inc. v. Ennia Insurance Co.*, 500 F.Supp. 96 (E.D.Pa. 1980), defendant National Agents Service Company (NASC) filed an answer which included a crossclaim stating:

If plaintiffs are entitled to a verdict against defendant [NASC] ... [then] defendant is entitled to contribution and/or indemnity from the remaining defendants for any sum it is required to pay to plaintiffs.

Defendants Ennia Insurance Company and All Risks, Ltd., now move to dismiss the crossclaim of NASC on the three grounds that the crossclaim fails to state a claim upon which relief can be granted, to contain a short and plain statement of the grounds upon which the crossclaimant seeks relief, and to demand judgment for the requested relief.

 Fed.R.Civ.P. 8(a) requires that a crossclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment ..." A crossclaim, like a complaint, need not detail *facts* sufficient to state a cause of action, *Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa.1980), *Beascoechea v. Sverdrup Parcel & Associates, Inc.*, 486 F.Supp. 169 (E.D.Pa.1980), but it must include a short and plain statement of the claim showing that the pleader is entitled to relief. That is, the plaintiff must allege a viable cause of action. Fed.R.Civ.P. 8(a). In the case at bar the crossclaim includes only the conclusion that NACS is entitled to contribution and/or indemnity from the other defendants. Stating that "[i]f the plaintiffs are entitled to a verdict" and

incorporating plaintiffs' allegations into the crossclaim do not really show how or why the crossclaimant is entitled to the requested relief from the other defendants, particularly where the court has already considered plaintiffs' allegations as hardly paradigmatic of a well-pleaded complaint. *See Rainbow Trucking, Inc. v. Ennia Insurance Co.*, at 98.

 Where a crossclaim fails to satisfy the pleading requirements of Fed.R.Civ.P. 8(a) amendment should be allowed if the interests of justice will be served, *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and if the opposing party will not be unfairly prejudiced thereby. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). *See* Fed.R.Civ.P. 15(a), *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D. Pa.1980) and *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980). Under present circumstances permitting amendment of the crossclaim is warranted. Accordingly, NASC shall file an amended crossclaim within ten days of the date of the accompanying order.