**Thomas A. AMADER, Jr. and Dorothy D. Amader**

v.

**JOHNS–MANVILLE CORP. et al.**

**Civ. A. No. 79–4546.**

United States District Court, E. D. Pennsylvania.

May 14, 1981.

Blank, Rome, Comisky, Mitchell Cohen, Philadelphia, Pa., for plaintiff.

James A. Young, Philadelphia, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

■ An individual who claims damages for infliction of emotional distress arising from observation of injuries to another person need not be physically present within the "zone of danger" to prevail. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). Instead, recovery depends upon the foreseeability of the harm, which must be analyzed in terms of the physical proximity of the "distressed" person to the event, the manner of communication thereof to him and the consanguinity between him and the victim. *Id.* at 170–71, 404 A.2d 672. In the case at bar, plaintiffs, moving to file a third amended complaint, urge the Court to extend the "logic and humanitarianism" of the *Sinn* rule to the instant situation. Plaintiffs claim that they have suffered emotional distress as a result of the husband's development of asbestosis. Specifically, plaintiffs fear an increased risk of cancer and endure "enhanced anguish" and depression from the "disintegration and deterioration of the family unit".

In *Sinn v. Burd, supra*, the Supreme Court of Pennsylvania held that the "inherent humanitarianism of our judicial process and its responsiveness to the current needs of justice" required that a parent who witnessed injury to his child be afforded an opportunity to collect damages for the emotional injury to himself, the parent, notwithstanding that he was not in the zone of danger and, therefore, experienced no actual fear of immediate bodily injury. *Id.* at 147, 404 A.2d 672, *quoting Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 64 (1970). In *Bliss v. Allentown Public Library*, 497 F.Supp. 487 (E.D.Pa.1980), this Court extended the rule to allow recovery by a mother who saw her disfigured child *immediately* after a statue crushed her, even though the mother did not actually witness the accident. Requiring direct visual perception thereof would have defeated the *Sinn v. Burd* policy of "avoiding arbitrary results like those created by the 'zone of danger' standard". *Id.* at 489. In the case at bar, however, no "sudden and violent accident" inflicted the emotional damage upon plaintiffs. Clearly, the Supreme Court of Pennsylvania contemplated a discrete and identifiable traumatic event to trigger recovery. Numerous references to this conclusion abounded in the court's opinion. For example, the three factors determining the foreseeability of the injury included

whether plaintiff was located near the scene of the *accident* as contrasted with one who was a distance away from it . . . [and] whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the *accident* as contrasted with learning of the *accident* from others after its occurrence . . .

*Sinn v. Burd*, 486 Pa. at 170–71, 404 A.2d 672 (emphasis added). The court repeatedly described the "event" or "accident" as "sudden and violent". *See Sinn v. Burd*, 486 Pa.

at 167, 173, 404 A.2d 672. This very aspect of the "event" or "accident" epitomizes the trauma and emotional impact for which a plaintiff recovers. *See Sinn v. Burd*, 486 Pa. at 157, 158, 170 n. 18, 171, 173, 404 A.2d 672. In fact, the court expressly distinguished the circumstances in *Sinn* from *Schurck v. Christensen*, 80 Wash.2d 652, 497 P.2d 937 (1972) (*en banc*), where the court denied recovery to a mother claiming mental distress upon learning that an adolescent male had sexually molested her daughter *over a period of months*. *See Sinn v. Burd*, 486 Pa. at 172 n. 19, 404 A.2d 672. *Within this context*, Pennsylvania apparently rejects Section 46 of the Restatement (Second) of Torts. In short, the parameters of the *Sinn v. Burd* rule do not include recovery for emotional distress resulting from the development of an occupational disease. *Cf. Hoffner v. Hodge*, 47 Pa. Cmwlth. 247, 407 A.2d 940 (1979) (claim of negligent infliction of emotional harm dismissed where the injuries to plaintiffs' daughter occurred in the operating room, where plaintiffs were not present physically).

■ True, the appellate courts of Pennsylvania do not appear to have addressed this issue squarely, and, therefore, this Court must "predict" state law. *Brezan v. Prudential Insurance Co.*, 507 F.Supp. 962 (E.D.Pa.1981), *Kohr v. Johns-Manville Corp.*, 505 F.Supp. 159 (E.D.Pa.1981). To the extent that the Supreme Court of Pennsylvania considered *Schurck* properly decided and distinguishable from *Sinn v. Burd*, the conclusion reached here seems consistent therewith. Unless and until the Supreme Court of Pennsylvania allows recovery under these circumstances, plaintiff may not do otherwise in federal court. *See Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa. 1981); *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 493 F.Supp. 97 (1980). *See also Edelson v. Soricelli*, 610 F.2d 131 (3d Cir. 1979) and *Stoner v. Presbyterian University Hospital*, 609 F.2d 109 (3d Cir. 1979).

Moreover, even if plaintiffs stated a cause of action under Pennsylvania law, paragraph 40 of the proposed complaint simply reiterates the claim for infliction of emotional distress; paragraph 41 elaborates and specifies the details thereof. *Cf. Roesberg v. Johns-Manville Corp.*, 89 F.R.D. 63 (E.D.Pa.1981) (plaintiff permitted to amplify their cause of action in the exercise of the court's discretion). Where a proposed complaint will be repetitive, amendment may be denied, for in federal court a plaintiff need only make a short and plain statement of the facts showing that he is entitled to legal relief. *Rainbow Trucking, Inc. v. Ennia Insurance Co.*, 88 F.R.D. 596 (E.D. Pa.1980); *Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa.1980); *Beascochea v. Sverdrup, Parcel & Associates, Inc.*, 486 F.Supp. 169 (E.D.Pa.1980) and Fed.R.Civ.P. 8(a). Granted, courts usually allow amendments to complaints "freely" where the interests of justice so require. *Kasko v. American Gage & Machine Co.*, 90 F.R.D. 162 (E.D.Pa.1981); *Maute v. Roth*, 90 F.R.D. 174 (E.D.Pa.1981); *Carey v. Beans*, 500 (E.D.Pa. May 4, 1981); *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980), Fed.R.Civ.P. 15(a), but when the proposed amendment fails to state a claim upon which relief can be granted, the motion should, and will, be denied. *See Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.), *aff'd*, 636 F.2d 1209 (3d Cir. 1980) and *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980), and Fed.R. Civ.P. 12(b)(6).