## Burkit v. Schubert

F. Paul Laubner, for plaintiffs.
Nicholas E. Subashi, for defendants.

FREEDBERG, J., December 5, 1984—This matter is before the court for disposition of defendants' preliminary objection in the nature of a demurrer to Count III of the plaintiffs' amended complaint. The standard for ruling on a demurrer was set forth in Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979), as follows:

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (1959); Byers v. Ward, 368 Pa. 416, 84 A.2d

307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1954). Starting from this point of reference, the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained."

The amended complaint contains averments that a child, Maryann Burkit, was bitten on the left arm, right leg, and hip by defendants' dog which was known to be a vicious animal. Plaintiffs, parents of the child, seek recovery for her injuries and medical expenses related to the attack. Count III, which is the object of the demurrer, contains the following allegations:

"20. The plaintiff, Ronald J. Burkit, observed his daughter, Maryann Burkit, immediately after the dog bite attack. At the time Ronald J. Burkit observed his daughter, she was bleeding profusely and was in an extremely hysterical state.

21. The plaintiff, Ronald J. Burkit, applied emergency medical treatment to his daughter and rushed her to Muhlenberg Medical Center for further treatment.

22. As a result of observing the condition of Maryann Burkit immediately after the dog bite attack, plaintiff, Ronald J. Burkit, has become unnerved and emotionally shattered, and has suffered grievous mental suffering, depression, withdrawal and other serious psychological injuries.

23. Observing the pain and condition of the minor plaintiff, Maryann Burkit, and having the knowledge that she was seriously injured, caused the

plaintiff, Ronald J. Burkit, much grief, mental distress, pain and suffering, the effects of which may be permanent."

The issue presented is whether the father of the child may recover for emotional injuries[1] which he allegedly sustained from observing his bleeding and hysterical child immediately after the attack.

In Sinn v. Burd, supra, Justice Nix joined by one other justice[2] held that a mother has a valid cause of action for negligently caused serious mental distress as a result of having witnessed her minor daughter being struck and killed by an automobile even though the mother was outside the zone of danger. In so doing, the court rejected the zone of danger requirement of Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970). In Sinn v. Burd, Justice Nix stated that the application of the traditional tort concept of foreseeability will reasonably circumscribe the extent of the tortfeasor's liability in bystander recovery cases. Relying upon Dillon v. Legg, 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P. 2d 912 (1968), Justice Nix identified three factors for use in determining whether injury was reasonably foreseeable:

"1. Whether plaintiff was located near the scene of the accident as contrasted with a distance away from it.

2. Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as

---

1. Defendants have not raised the issue of plaintiff's failure to aver that his emotional harm was accompanied by physical injury. See Cathcart v. Keene Industrial Insulation, 324 Pa. Super. 123, 471 A.2d 493 (1984); Banyas v. Lower Bucks Hospital, 293 Pa. Super. 122, 437 A.2d 1236 (1981).

2. Two justices concurred in the result and two justices dissented.

contrasted with learning of the accident from others after its occurrence.

3. Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."

Plaintiff in the instant case contends that he ought to be allowed to recover for emotional distress caused by seeing the injured child shortly after the tortious act although he did not witness the attack itself.

In so arguing, he cites Yandrich v. Radic, 495 Pa. 243, 433 A.2d 459 (1981). In that case, the administrator of the estate of decedent who committed suicide filed an action in trespass under the Wrongful Death and Survival Acts seeking damages for emotional trauma and the subsequent suicide by decedent father, which allegedly resulted from the father's depression when his son was fatally injured when struck by an automobile. The father was neither a witness to the accident nor in the immediate vicinity thereof, but arrived at the accident scene after the injured son had already been taken to the hospital. The father then went to the hospital where he remained until the boy died five days later. After three months, during which the father manifested symptoms of severe depression, he killed himself. The trial court sustained a demurrer which was affirmed by order of the Superior Court. The six members of the Supreme Court who heard the case divided equally on whether plaintiff had a valid cause of action. Justice Flaherty, joined by Justices Larsen and Kauffman, wrote:

"In Sinn v. Burd, we had no difficulty extending liability for emotional distress to a parent who witnessed her child being struck and killed by an automobile. There should be no hesitation to permit re-

covery for the emotional distress experienced by a parent who, although he did not witness the accident, nevertheless experienced emotional trauma because of his son's injury. There is substantial injury in both cases." Justice Nix, who wrote the plurality opinion in Sinn v. Burd, voted against recovery in the Yandrich case because he believed that in Yandrich plaintiff was seeking an award for grief resulting from a loss rather than compensation for the shock of actually witnessing the traumatic event. Justice Wilkinson joined by Justice Roberts voted to affirm the dismissal of the action because the father was not present at the negligent event alleged to have caused the harm. He observed:

"It is suggested that requiring contemporaneous observation of the accident represents an artificial attempt to limit liability which will ultimately result in arbitrary, piece-meal determinations. Quite the contrary, appellant's logic may be irrefutable but, as pointed out by Justice Holmes, "the life of the law has not been logic; it has been experience." We are unwilling to abandon the concept of "zone of danger" in toto and enter a realm of uncertainty with no workable guidelines for recovery."

We believe that we are not free to adopt the positions espoused by Justice Flaherty in Yandrich even if disposed to do so. In Hoffner v. Hodge, 47 Pa. Commw. 277, 407 A.2d 940 (1979), the Commonwealth Court, en banc, refused to permit recovery for emotional distress allegedly sustained by parents and a sister of an individual who sustained injuries as a result of negligent surgery. The rationale of the decision is that "the law in Pennsylvania requires the personal observation of the event." Mere observation of the consequences of negligent action is not sufficient. See Vattimo v. Lower Bucks Hospital, Inc., 59 Pa. Commw. 1, 428 A.2d 765 (1981), re-

versed, in part, on other grounds, 502 Pa. 241, 465 A.2d 1231 (1983). See also Sanfilippo v. Childrens Hospital, 24 D.&C.3d 517 (1982), wherein recovery by parents for emotional distress was denied; the parents sued for emotional distress resulting from discovery of the dead body of their infant who, they contended, had been improperly discharged from a hospital after suffering life threatening head injuries.

Plaintiff contends that even if he was not a percipient witness to the traumatic act which caused the injuries, nevertheless his case is distinguishable from Hoffner v. Hodge, supra, because of the immediacy of the observation of the injury. We find no Pennsylvania case dealing with this contention.[3] The few courts of other jurisdictions which have considered the argument are split on the question. See Annotation, Immediacy of Observation Of Injury As Affecting Right To Recover Damages For Shock Or Mental Anguish From Witnessing Injury To Another, 5 ALR 4th 833, especially Section 3. Compare Parsons v. Superior Court, 81 Cal. App. 3d 506, 5 ALR 4th 826 (Cal. Ct. of Appeals — 1978), with General Motors Corp. v. Grizzle, 642 S.W. 2d 837 (Ct. of Appeals of Texas — 1982). The policy considerations which apply to this issue are the same as discussed in the various opinions in Yandrich v. Radic, supra. It suffices to say for our purposes that no appellate court has eliminated the need for witnessing the traumatic negligent act of

---

3. Anfuso v. Smith, 44 Northampton 203, 15 D.&C.3d 389 (1980), Kratzer v. Unger, 17 D.&C.3d 771 (1981), and Bliss v. Allentown Public Library, 497 F.Supp. 487 (E.D., Pa., 1980), all involve percipient witnesses to the traumatic act. Weidner v. Sacred Heart Hospital, 23 D.&C.3d 656 (1982), appears to conflict with controlling appellate authority, Hoffner v. Hodge, supra.

the tortfeasor causing serious injury or death to a child required by Sinn v. Burd, supra. Further, the difficulty of drawing a workable definition of immediacy of observation of the injuries which would entitle a parent to recover is obvious. Thus, how could one justify recovery to the parent in the instant case but deny recovery to the parent who witnessed his injured child in the hospital shortly after surgery in Hoffner v. Hodge, supra?

Wherefore, we enter the following

## ORDER OF COURT

And now, this December 5, 1984, the preliminary objection of defendant to Count III of the amended complaint is sustained. Count III of the amended complaint is dismissed. Leave is granted to plaintiff to plead over within 20 days of the date of this order.