**William A. GULICK, II, and Ruby D. Gulick, individually and as Administrators of the Estate of Tricia Lee Gulick, Plaintiffs,**

v.

**CHIA S. SHU, M.D., P.C., and Divine Providence Hospital, Defendants.**

**Civ. A. No. 85–1029.**

United States District Court, M.D. Pennsylvania.

Oct. 9, 1985.

which, as elaborated above, turn entirely on the contract of guaranty between Middleton and defendants. Issues concerning the reorganiza-

Robert A. Seiferth, Jonathan E. Butterfield, Liebert Short Fitzpatrick & Hirshland, Williamsport, Pa., for plaintiffs.

Joseph A. Quinn, Jr., Hourigan, Kluger, Spohrer & Quinn, Wilkes-Barre, Pa., for Chia Shu, M.D.

## MEMORANDUM

CALDWELL, District Judge.

I. *Introduction and Background.*

Defendants, Chia S. Shu, M.D. and Divine Providence Hospital, have filed motions to dismiss the claim of the plaintiff husband, William A. Gulick, II, for negligent infliction of emotional distress. The complaint in this diversity action arises from obstetrical treatment rendered to the plaintiff wife, Ruby D. Gulick, by defendant Shu during the birth of the plaintiffs' baby, Tricia Lee Gulick, at the defendant hospital. Tricia Lee Gulick died twelve

tion of Resource and liabilities arising therefrom are not before the Court.

days later, allegedly as a result of Shu's malpractice in failing to perform a timely caesarean section. Count V of the complaint sets forth a claim for negligent infliction of emotional distress on behalf of the parents "as a result of their child being born with severe birth asphyxia, respiratory distress syndrome, renal failure, seizure disorder, and brain death." (Complaint, ¶ 32). Citing Pennsylvania precedent, defendants assert that the husband's claim must fail as a matter of law.[1]

## II. *Discussion.*

■ As a federal district court, sitting in diversity, we must consider the decisions of a state's highest court to be the ultimate authority regarding state law. *Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548 (3d Cir.1985). Decisions of intermediate appellate courts of the state, while not conclusive, are indicia of how the state's highest court might decide the issue, *McGowan v. University of Scranton,* 759 F.2d 287 (3d Cir.1985), and a federal court must attribute significant weight to lower state court decisions in the absence of any indication that the highest state court would rule otherwise. *Wisniewski v. Johns-Manville Corp.,* 759 F.2d 271 (3d Cir.1985).

■ All parties agree that *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), is the leading case in Pennsylvania on the right of a person to recover emotional distress caused by the tortious infliction of injury upon another. Although claiming at most the allegiance of only three of the members of the Pennsylvania Supreme Court, it has to some extent guided intermediate state appellate courts in subsequent cases, *see Herman v. Welland Chemical, Ltd.,* 580 F.Supp. 823 (M.D.Pa.1984); *Brooks v. Decker,* 343 Pa.Super. 497, 495 A.2d 575 (1985); *Hoffner v. Hodge,* 47 Pa.Cmwlth. 277, 407 A.2d 940 (1979), *appeal dismissed,* 498 Pa. 135, 445 A.2d 104 (1982), as well as some federal district courts. *See Amader*

*v. Johns-Manville Corp.,* 514 F.Supp. 1031 (E.D.Pa.1981); *Bliss v. Allentown Public Library,* 497 F.Supp. 487 (E.D.Pa.1980).

The main opinion in *Sinn,* written by Justice Nix, adopted the following test from *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), for determining when a person can recover for emotional distress caused by observing traumatic injury to another:

(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

486 Pa. at 170–71, 404 A.2d at 685 (quoting *Dillon, supra,* 69 Cal.Rptr. at 80, 441 P.2d at 920).

Defendants contend that the plaintiff husband's claim for emotional distress must fail because he has not alleged that he directly observed the defendant physician's conduct causing the injury and also that, in accordance with Justice Eagen's concurring opinion, he suffered physical injury or a physical manifestation of the emotional distress. Conversely, plaintiffs contend that the court in *Sinn* never meant to limit recovery for bystander emotional distress to situations exemplified by *Sinn, see id.* at 173 n. 21, 404 A.2d at 686 n. 21 (Nix, J.), and the facts as alleged in their complaint justify expansion of the rule to permit recovery here. They also assert that *Speck v. Finegold,* 497 Pa. 77, 439 A.2d 110 (1981), recognizes a parent's right to recover for mental distress resulting from the birth of a defective child without physical injury to the parent or the presence of the parent at birth. Finally, citing *Little v.*

---

**1.** The parties implicitly agree, and we have no reason to decide otherwise, that Pennsylvania

law applies to this action.

*York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 481 A.2d 1194 (1984), they suggest that the Pennsylvania Superior Court, while limiting recovery of bystander emotional distress in automobile accident cases, has been more expansive in permitting recovery in other contexts.

We agree with plaintiffs that there is no reason for limiting *Sinn* to its factual setting and that there are also compelling reasons for permitting a parent to recover for his emotional distress upon contemplating an injury to his child occurring outside his presence. Nevertheless, we must be sensitive to the doctrinal trends of the state whose law we apply, *see Becker v. Interstate Properties,* 569 F.2d 1203 (3d Cir. 1977), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978); *Herman v. Welland Chemical, Ltd., supra,* and Pennsylvania intermediate appellate courts have consistently relied upon *Sinn* to limit recovery to situations where the person has been present during the traumatic event; i.e., where he or she has been a bystander. They have declined the invitation to permit recovery for emotional distress without personal observation of the incident.

Contrary to plaintiffs' position, the issue is not an open one in Pennsylvania. We believe we can fairly look to *Hoffner v. Hodge, supra,* to dispose of the husband's claim. In *Hoffner,* the Pennsylvania Commonwealth Court, relying upon *Sinn,* held that the parents and twin sister of a girl who allegedly suffered from medical malpractice during an operation could not recover for their emotional distress upon learning of the negligent surgery. The court stated:

> The exceedingly able and detailed discussion of the law applicable to this case by Chief Justice Eagen, Justice Roberts, and Justice Nix in *Sinn* makes it unnecessary to discuss the matter here. All three opinions expressed the view that the law in Pennsylvania requires the personal observation of the event. No ex-

ception is made for an identical twin who alleges she is present at all times with her twin sister, albeit she is in a different physical location. The traumatic impact from viewing the negligent injury of one's close relative is wholly absent in this case.

*Id.* 47 Pa.Cmwlth. at 280–81, 407 A.2d at 942.

*Hoffner* is indistinguishable from the case at bar and indicates that the plaintiff husband's claim for emotional distress should be dismissed.

This conclusion is buttressed by other Pennsylvania cases which have required physical presence at the scene in varying circumstances. Hence, plaintiffs' claim that the Superior Court has required this element only in automobile accident cases must also be rejected.[2] *See, e.g. Berardi v. Johns-Manville,* 334 Pa.Super. 36, 482 A.2d 1067 (1984); *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984) (wives could not recover for emotional distress at seeing husbands with asbestosis because they had failed to observe an identifiable traumatic incident); *Vattimo v. Lower Bucks Hospital,* 59 Pa. Cmwlth. 1, 428 A.2d 765 (1981) (parents of son who set fire to his hospital room could not recover for their emotional distress since they were not present at the hospital during the fire), *modified on appeal,* 502 Pa. 241, 465 A.2d 1231 (1983). Federal district courts considering the issue have also concluded that the person had to personally observe the traumatic event. *See generally Herman v. Welland Chemical, Ltd., supra* (firemen's wives could not recover for their emotional distress arising from injuries to husbands while they directed traffic at an accident scene when wives were not present at the time of the incident); *Amader v. Johns-Manville Corp., supra* (wife's claim for emotional distress arising from husband's asbestosis disallowed); *Bliss v. Allentown Public Library, supra.*

---

**2.** The case cited by plaintiffs in support of this contention, *Little v. York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 481 A.2d 1194 (1984), is distinguishable because it is not a bystander case.

Plaintiffs' reliance upon *Speck v. Finegold, supra,* is misplaced. While abstractly the case does support the broad interpretation placed upon it by plaintiffs, it is easily distinguishable on the facts and the law from the instant one. In *Speck,* the parents of a defective child sued the physician who allegedly performed a negligent vasectomy upon the husband, and the physician who compounded the error by negligently performing an abortion upon the wife. The Supreme Court held that the parents could recover for their emotional distress in raising a defective child based upon the duties owed them by their two treating physicians. In the instant case, the defendant physician's allegedly negligent conduct was directed toward the infant. *Speck* did not deal with bystander recovery and is inapplicable to this case.

We also note that the plaintiff husband has also failed to allege a physical injury or physical manifestation of his emotional distress. This has also been required as part of bystander recovery for emotional distress in Pennsylvania. *See Justice v. Booth Maternity Center,* —— Pa.Super. ——, 498 A.2d 950, (Pa.Super.1985) (father of stillborn child could not recover for his emotional distress because, while alleging he was present in the delivery room during the birth, he failed to allege bodily harm).

We will issue an appropriate order.