**Bonnie J. TOMIKEL and John C. Tomikel, her husband, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided May 8, 1995.

John G. Gent, for appellants.

Robert S. Andrews, Jr., Deputy Atty. Gen., for appellee.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Bonnie J. Tomikel and John C. Tomikel, her husband, appeal the March 31, 1994 or-der of the Court of Common Pleas of Erie County (trial court) which granted a motion for partial summary judgment by the Penn-sylvania Department of Transportation (DOT).[1] We reverse.

The underlying facts in this case are not in dispute. On May 2, 1991, Mrs. Tomikel was driving a Dodge Caravan in which her two-year-old son, Matthew, was riding in a child safety seat strapped to the passenger seat directly behind her. Mrs. Tomikel ap-proached a section of roadway being worked upon by DOT employees and was waved through the work area by a DOT flagman. As Mrs. Tomikel was driving slowly through the work area, a DOT employee backed an excavator into the driver's side of her vehicle immediately behind her seat.

The impact of the collision caused the To-mikel vehicle to be jostled, and Matthew was showered with broken glass from the shat-tered passenger window directly beside him. Mrs. Tomikel was unable to immediately see Matthew because of the height of the head restraint behind her seat, but she believed that her son was dead. When Mrs. Tomikel exited the vehicle and was able to look at her son, she noticed that he was not crying and she saw no blood on him. However, she did see that Matthew was covered with glass, his car seat was full of glass and there was glass all over the middle seat and on the floor. Matthew was, in fact, not injured, and no claim has been made by the Tomikels either directly or derivatively for him.

As a result of the collision, the Tomikels brought suit against DOT for physical and emotional injuries sustained by Mrs. Tomik-el. The negligence of DOT in this case has

---

**1.** By order dated April 6, 1994, the trial court expressly determined that an immediate appeal of its March 31, 1994 order would facilitate resolution of the entire case. Accordingly, the trial court ordered that its March 31, 1994 order be amended to become a final order pursuant to Pa.R.A.P. 341(c)(1). Rule 341(c)(1) states as follows:

(c) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.

(1) An order may be amended to include the determination of finality within 30 days of en-try of the order. A notice of appeal or a petition for review may be filed within 30 days after entry of an order as amended, unless a shorter time period is provided in Rules 903(c) or 1512(b).

already been established. By order of the trial court dated February 22, 1994, the Tomikels' motion for partial summary judgment as to the liability of DOT was granted. The trial court stated that the testimony of on-site DOT employee eyewitnesses failed to establish any contributory negligence on the part of Mrs. Tomikel. As such, DOT's liability was not in dispute.

On February 16, 1994, DOT moved for partial summary judgment, asking the trial court to dismiss Mrs. Tomikel's claims for emotional and psychological distress and for all injuries alleged to be a result of such distress. On March 31, 1994, the trial court granted DOT's motion for partial summary judgment for such aspects of emotional distress as were assertedly claimed by Mrs. Tomikel for her erroneous perception that her son Matthew had been injured. The trial court concluded that it would not sanction a claim for the emotional distress of Mrs. Tomikel in witnessing an accident where her son suffered no actual injury. The Tomikels filed a timely appeal to this court.

In their appeal, the Tomikels raise the following issues: (1) whether sufficient "impact" was sustained by Mrs. Tomikel to allow her to recover for emotional distress and post-traumatic stress syndrome resulting from the accident; and (2) whether Mrs. Tomikel is entitled to recover for emotional distress caused by fear for her infant son's peril, despite the fact that he was later found to be unhurt.

██ We initially note that our scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.*

██ The Tomikels assert that Mrs. Tomikel was a "victim" of the accident rather than a "bystander" and, as such, is entitled to recover damages for all injuries she sustained, including emotional distress, which resulted from DOT's negligent actions. We agree.

██ Tort liability requires that a defendant's breach of a duty of care proximately cause a plaintiff's injury. *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986). Our Supreme Court has stated that "[i]t is fundamental to our common law system that … a wrong-doer is responsible for the natural and proximate consequences of his misconduct." *Niederman v. Brodsky,* 436 Pa. 401, 403, 261 A.2d 84, 85 (1970). In this Commonwealth, the driver of a vehicle owes a duty of care to all motorists and pedestrians in his immediate zone of danger and to any bystander who experiences a contemporaneous observance of an injury to a close relative. *Mazzagatti,* 512 Pa. at 279, 516 A.2d at 679. Where a plaintiff sustains bodily injuries, even though trivial or minor in nature, which are accompanied by fright or mental suffering directly traceable to the peril in which the defendant's negligence placed the plaintiff, then mental suffering is a legitimate element of damages. *Niederman.*

██ It is black letter law that a tortfeasor must take its victim as it finds him. *Botek v. Mine Safety Appliance Corp.,* 531 Pa. 160, 611 A.2d 1174 (1992). In *Botek,* a fire fighter who blacked out during a simulated fire drill as a result of the negligence of an air pack manufacturer in filling his air pack with carbon dioxide sued to recover for injuries. After the incident, the fire fighter continued to experience headaches and nausea. His realization of how close he had come to dying caused insomnia because of his fear that he would not wake up if he went to sleep. The incident left the fire fighter with an inability to trust anyone or to talk about his problems. This feeling interfered with his relationships with his family and friends, and his days were limited to working and crying himself to sleep. Since the fire fighter had suffered physical injuries, our Supreme Court held that he was entitled to recover for emotional distress.

■ In *Botek*, our Supreme Court stated that where a plaintiff suffers physical injuries, even though they may be relatively mild, all of the consequent psychological and emotional pain and suffering is compensable and our law has long so held under the so-called "impact rule." *See also Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987). Moreover, the jarring and jostling of the occupants of a car involved in a motor vehicle collision constitutes physical impact sufficient to entitle the occupants to recover for emotional distress. *Zelinsky v. Chimics*, 196 Pa.Superior Ct. 312, 175 A.2d 351 (1961). Where it is definitely established that injury and suffering were proximately caused by an act of negligence, and any degree of physical impact, however slight, can be shown, recovery for such injuries and suffering is a matter for the jury's determination. *Id.*

In the present case, Mrs. Tomikel was not merely a bystander who observed a car accident but was actually involved in the collision. Mrs. Tomikel stated in her deposition that she saw the horrified look on the face of the construction zone flagman just before the excavator hit her vehicle. Reproduced Record (R.) at 86a–87a. She further stated that she felt and heard the impact between her vehicle and the excavator, and it sounded like a wrecking ball slamming into the side of her vehicle. R. at 87a, 100a. Mrs. Tomikel's vehicle lurched upon impact with the excavator. R. at 100a. As a result of the collision, the side panel of the Tomikel vehicle, next to where Matthew Tomikel was sitting, was dented and the middle window was shattered. R. at 88a–89a. Matthew Tomikel was covered with broken glass. R. at 87a. While Mrs. Tomikel could not actually see the moment of impact between her vehicle and the excavator because her vehicle was struck at a point behind where she was seated, Mrs. Tomikel was still involved in the accident, and not merely a witness to it.

As a result of the accident, Mrs. Tomikel experienced dizziness, shortness of breath, heart palpitations, neck and back pain, nausea and severe anxiety. R. at 92a–93a. From May 1991, the time of the accident, through November 1992, Mrs. Tomikel was also treated for severe emotional and psychological trauma and distress, depression and post-traumatic stress disorder. R. at 198a–202a. Drs. Pathak and Gustin, who both treated Mrs. Tomikel, opined that her emotional distress was significantly caused by the accident and would not likely have occurred without the accident. R. at 198a–201a.

The negligence of DOT has already been established by the trial court's granting of the Tomikel's motion for summary judgment on the issue of DOT's liability. Since it has already been determined that DOT breached a duty of care which it owed to Mrs. Tomikel, and since Mrs. Tomikel suffered physical impact during the collision between her vehicle and the excavator, all consequent psychological and emotional pain and suffering is compensable. Accordingly, it is for a jury to determine Mrs. Tomikel's recovery for her injuries.

DOT asserts that Mrs. Tomikel's claim for emotional distress should fail because her distress did not arise from witnessing actual harm to her son. DOT relies upon *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986) and *Armstrong v. Paoli Memorial Hospital*, 430 Pa.Superior Ct. 36, 633 A.2d 605 (1993) to support its position. However, these cases are all distinguishable because they all involved bystanders who were not physically involved in an accident but who sought to recover damages for the negligent infliction of emotional distress because of the accident.

In *Sinn*, our Supreme Court determined that a mother who was outside the zone of danger of any physical injury to herself but who observed her child being struck and killed by a car had stated a cause of action for emotional distress for which relief could be granted. In *Mazzagatti*, our Supreme Court held that a mother who arrived at the scene of an accident after being informed by telephone of the accident and who observed her daughter lying injured on the street was not entitled to recover damages for the negligent infliction of emotional distress. In *Armstrong*, our Superior Court held that a wife who sued a hospital for the negligent infliction of emotional distress after the hos-

pital erroneously notified her that her husband had been involved in a serious accident was not a bystander who was entitled to recovery. All of these cases relate to the ability or inability of a bystander to recover damages for the negligent infliction of emotional distress. In contrast, the present case simply involves the ability of a motor vehicle accident victim to recover damages from a negligent party for the injuries which she sustained as a result of the accident.

 DOT asserts that Mrs. Tomikel's claims for emotional distress and post-traumatic stress syndrome are not recoverable against DOT, as a Commonwealth party, pursuant to the limitation on damages set forth in the Judicial Code at 42 Pa.C.S. § 8528, commonly referred to as the Sovereign Immunity Act (Act).[2] We disagree.

Section 8528 of the Act sets forth as follows:

> **(c) Types of damages recoverable.—** Damages shall be recoverable only for:
>> (1) Past and future loss of earnings and earning capacity.
>> (2) Pain and suffering.
>> (3) Medical and dental expenses....
>> (4) Loss of consortium.
>> (5) Property losses....

42 Pa.C.S. § 8528(c).

We initially note that the applicability of 42 Pa.C.S. § 8528 was first raised by DOT as a new matter in its answer to the Tomikels' complaint. Moreover, the issue of section 8528 of the Act was discussed by the trial court even though the trial court did not make a determination on the relevance of that provision to this case. We therefore determine that the applicability of 42 Pa.C.S. § 8528 is properly before this court.

We find no merit to DOT's assertion that under 42 Pa.C.S. § 8528, no recovery is permitted for emotional injuries. Such damages are, in fact, provided for under 42 Pa.C.S. § 8528(c)(2) which allows recovery of damages for pain and suffering. As a result of the accident, Mrs. Tomikel has experienced dizziness, shortness of breath, heart palpitations, neck and back pain, nausea, severe

2. 42 Pa.C.S. §§ 8521–8528.

emotional and psychological distress, depression and post-traumatic stress disorder. R. at 92a–93a, 198a–202a. Since Mrs. Tomikel was actually involved in the collision, we conclude that her physical and emotional injuries are encompassed by section 8528 of the Act which permits recovery for pain and suffering.

Accordingly, the order of the trial court is reversed.

### ORDER

NOW, this 8th day of May, 1995, the order of the Court of Common Pleas of Erie County, dated March 31, 1994, at No. 3730—1993, is reversed.