**Jennifer L. BREZINSKI and Jeffery S. Brezinski, individually and as spouse of Jennifer L. Brezinski,**

v.

**COUNTY OF ALLEGHENY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 10, 1997.

Decided May 27, 1997.

---

**6.** In light of our remand of this matter, we need not reach the remaining issues raised herein by

Yost.

Louis C. Long, Pittsburgh, for appellant.

Richard F. Start, Pittsburgh, for appellees.

Before SMITH and PELLEGRINI, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The County of Allegheny appeals, by permission, an interlocutory order of the Allegheny County Court of Common Pleas denying its motion for summary judgment filed in a personal injury action instituted against the County by Appellees Jennifer L. and Jeffery S. Brezinski. We reverse the trial court's denial of summary judgment.

On September 17, 1994, Jennifer Brezinski slipped and fell down an earthen embankment in a County-owned park, walking downhill from a picnic pavilion to the parking lot. At the time of her fall, Mrs. Brezinski was attending a reunion picnic with her husband's fraternity, for which a use permit had been obtained from the County. Appellees filed suit against the County, alleging negligence based upon, *inter alia*, the County's failure to construct a safe walking surface between the picnic shelter and the parking lot. In its answer with new matter to Appellees' complaint, the County raised as defenses its immunity under what is commonly called the Political Subdivision Tort Claims Act (Tort Claims Act) [1] and the Recreation Use of Land and Water Act (Recreation Use Act). [2] The County subsequently filed a motion for summary judgment arguing that the deposition testimony of both Appellees established that Mrs. Brezinski's fall was caused by the slippery grass and mud resulting from a day-long rainfall, which was a dangerous accumulation of water on the hillside rather than a dangerous condition of the real estate itself.

On June 11, 1996, the trial court denied the County's motion. In an order dated October 7, 1996, this Court granted the County's petition for review filed pursuant to the note to Pa. R.A.P. 1311 and allowed the appeal. In its December 9, 1996 opinion in support of the order denying summary judgment, the trial court concluded that the facts necessary to decide whether to grant immunity to the County are in dispute, specifically whether the land was "unimproved," whether the County charged a fee for the use of the land, and whether the sole cause of Mrs. Brezinski's injuries was the rain.

In arguing that the trial court erred in denying its motion for summary judgment, the County has raised two issues for our review: 1) whether the real estate exception to governmental immunity applies when a person slips and falls on a rain-soaked slope; and 2) whether the Recreation Use Act bars recovery for injuries in a park containing certain improvements, where no admission fee is charged. We conclude that the County is immune from liability under the Recreation Use Act, and so reverse the denial of summary judgment on that basis. [3]

Initially, we note that summary judgement is only appropriate when, after examining the

---

1. 42 Pa.C.S. §§ 8541–8542.

2. Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§ 477.1–477.8.

3. In so holding, we need not address the County's argument that it is also immune under the real estate exception to governmental immunity in the Tort Claims Act. We are, however, cognizant of the Supreme Court's recent decision in *Grieff, Emlenton Volunteer Fire Association, Inc. v. Reisinger*, —— Pa. ——, 693 A.2d 195 (1997), addressing the real estate exception.

record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Tomikel v. Department of Transportation,* 658 A.2d 861 (Pa.Cmwlth. 1995). Our scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Id.*

The Recreation Use Act was adopted "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Section 1 of the Recreation Use Act, 68 P.S. § 477–1. Under Section 3, land owners are shielded from liability as follows:

> [A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477–3. A "recreational purpose" for which protected land may be used includes "picnicking." Section 2(3), 68 P.S. § 477–2(3).

■ The Recreation Use Act applies only to lands that are largely unimproved in character and where no admission fee is charged. *Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673, *cert. denied,* — U.S. —, 117 S.Ct. 184, 136 L.Ed.2d 123 (1996); *Mills v. Commonwealth,* 534 Pa. 519, 633 A.2d 1115 (1993). The County claims that it should be immune in this case because its park was not improved and because there was no fee charged to Appellee for attending the picnic on the day of Mrs. Brezinski's fall. We agree.

Although "land" is defined in Section 2 of the Recreation Use Act, 68 P.S. § 477–2, to include "buildings, structures and machinery or equipment when attached to the realty," the courts have held that only owners of unimproved land are protected from liability. *See, e.g., Brown v. Tunkhannock Township,* 665 A.2d 1318 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 636, 675 A.2d 1252 (1996). As the Supreme Court has explained, the Recreation Use Act is de-signed to encourage the opening up of large, private land holdings for outdoor recreational use by the general public and that "build-ings" in the definition of "land" was intended to be limited to ancillary structures attached to open space lands. *Rivera v. Philadelphia Theological Seminary,* 510 Pa. 1, 507 A.2d 1 (1986). In further describing what constitutes unimproved recreational land, the Supreme Court has stated:

> When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements. When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability.

*Walsh v. City of Philadelphia,* 526 Pa. 227, 238, 585 A.2d 445, 450 (1991).

■ The trial court in the case at bar denied summary judgment concluding that there were material issues of fact regarding the County's characterization of the park as "unimproved" and whether or not the County charged a fee for use of the park. Our review of the record satisfies us that there were sufficient facts before the trial court to decide, as a matter of law, that the park was unimproved for purposes of the Recreation Use Act. Appellees referred to the hillside where Mrs. Brezinski fell as "unimproved" in their complaint (R.R. at 5), and the only suggestion otherwise is their argument that the land in the park had been "sculpted" for the picnic pavilion. Even if the land were "sculpted," this one-time modification would not have required regular maintenance as in *Walsh.* Regardless, such a picnic shelter is a building within the definition of land in Section 2, and certainly not more than an ancillary structure as in *Rivera.* Moreover, inasmuch as picnicking is specifically included as a recreational purpose for which covered land can be used under the Act, a picnic area, even if more developed or improved than in this case, does not defeat the "unimproved" status of the land.

The County also argues that it was immune under the Recreation Use Act because Appellees were not charged a fee for entering the park. Section 6(2) of the Act pro-

vides that liability is *not* limited "[f]or injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof." 68 P.S. § 477–6(2). Section 2(4) defines "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." 68 P.S. § 477–2(4).

In *Lowman v. Indiana Area School District,* 96 Pa.Cmwlth. 389, 507 A.2d 1270 (1986), a plaintiff was injured at a baseball game at a field rented by the municipality from an electric company. In granting the electric company's motion for summary judgment under the Recreation Use Act, we concluded that the type of charge contemplated by Section 2 would have to be paid by the plaintiffs for the privilege of being a spectator at the baseball game, and that the evidence showed that there was no admission charged persons attending the game. In the case at bar, the only evidence of a fee charged is that whoever reserved the pavilion on behalf of the fraternity had to obtain a permit. (R.R. at 91–92.) Appellees admit that they, personally, paid no fee for attending the picnic. (R.R. at 38, 92.)

In conclusion, the County is immune from suit under the Recreation Use Act because the park at issue is unimproved and because Appellees were charged no admission fee for attending the picnic. The trial court, therefore, erred as a matter of law in concluding that the County was not entitled to summary judgment thereunder. Accordingly, we reverse the order denying the County's motion for summary judgment, and dismiss Appellees' claim against it.

### ORDER

AND NOW, this 27th day of May, 1997, the June 11, 1996 order of the Court of Common Pleas of Allegheny County is hereby reversed and the matter remanded for entry of summary judgment in favor of the County of Allegheny.

Jurisdiction relinquished.

SMITH, J., dissents.