## Hough v. Meyer

474

C.P. of Fayette County, no. 1838 of 2001 G.D.

*Elizabeth Deemer,* for plaintiff.
*John Kwasneski,* for defendants.

WARMAN, *J.,* March 26, 2002—Presently before this court for disposition are preliminary objections filed on behalf of defendants, Michael Arthur Meyer, Schneider National Inc., and Schneider Specialized Carriers Inc., to plaintiffs' complaint.

Defendants raise several objections for our consideration. Defendants first object pursuant to Pa.R.C.P. 1028(a)(4) to the negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint. Defendants argue that it is unclear whether a cause of action for negligent infliction of emotional distress exists in this Commonwealth. To the extent that it does exist, defendants argue that such a cause

of action may only be maintained under either the physical impact rule or the bystander rule, and that neither apply under the facts as alleged in plaintiffs' complaint. Defendants, therefore, request this court to dismiss the negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint.

Defendants next object pursuant to Pa.R.C.P. 1028(a)(4) to the intentional infliction of emotional distress claims contained in Counts 3, 7, and 11 of plaintiffs' complaint. Defendants argue that the alleged conduct was neither extreme nor outrageous and that plaintiffs have, therefore, failed to state a claim upon which relief may be granted. Defendants Schneider National Inc. and Schneider Specialized Carriers Inc. further argue that the intentional infliction of emotional distress claims contained in Counts 7 and 11 fail to state a claim upon which relief may be granted because the complained of conduct was not alleged to have been committed with the intent to cause emotional distress to the plaintiffs. Defendants, therefore, request this court to dismiss the intentional infliction of emotional distress claims contained in Counts 3, 7, and 11 of plaintiffs' complaint. In the alternative to a dismissal of the intentional infliction of emotional distress claims contained in Count 3, defendant Michael Arthur Meyer requests that the claim for punitive damages set forth under said count be stricken as legally insufficient. Defendants' final objection is made pursuant to Pa.R.C.P. 1028(a)(2) wherein they request this court to strike plaintiffs' request for counsel fees for failure to conform to law.

Upon consideration of plaintiffs' complaint, applicable law, briefs, arguments, and submissions of counsel, and

for reasons more fully discussed herein, defendants' preliminary objections are Sustained in part and Overruled in part. Before addressing the merits of defendants' preliminary objections, we shall recount the facts and history of the present cause of action.

## BACKGROUND

This action arises as a result of a motor vehicle accident which is alleged to have occurred on May 18, 2001, when a tractor-trailer operated by defendant Michael Arthur Meyer under the employ of defendants, Schneider National Inc., and Schneider Specialized Carriers Inc., collided with the premises owned by plaintiffs Nancy and Kenneth Hough.

Plaintiffs allege that shortly before the collision, defendant Meyer had been traveling north on State Route 711. They allege that he became lost, turned the tractor-trailer around, and then began to travel south on State Route 711.

While traveling south on State Route 711, plaintiffs allege that defendant Meyer lost control of the vehicle due to a brake and/or braking system failure. They further allege that he then made a conscious decision to leave State Route 711 and to drive the tractor-trailer onto their property and into their home. They claim that the collision tore off their front porch, knocked out and obliterated their stone retaining wall, altered their home's foundation, smashed the front windows and doors to their home, destroyed their front yard, and sent both small and large pieces of plate glass flying into and throughout their entire home. At the time of the collision, Nancy

Hough was taking a bath and Kenneth Hough was watching television.

As a direct and proximate result of the collision, plaintiffs claim to have suffered extensive damage to their property and home located at 1209 Springfield Pike, Connellsville, Pennsylvania, and severe and permanent mental and emotional shock, including but not limited to, anxiety, distress, depression, a general decline in health, high blood pressure, heart palpitations, post-traumatic syndrome, recurrence of cancer, and sleeplessness.

Thereafter, on or about August 15, 2001, a 13-count complaint was filed on plaintiffs' behalf in the Court of Common Pleas of Fayette County, Pennsylvania. Said complaint contains claims for negligence, negligent entrustment, negligent infliction of emotional distress, and intentional infliction of emotional distress. On October 4, 2001, defendants filed the preliminary objections now before this court, and on November 20, 2001, we heard oral argument thereon.

## DISCUSSION

It is well settled that in ruling on preliminary objections, the court must accept as true all well-pled facts and all inferences reasonably deducible therefrom; however, the court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Dorfman v. Pennsylvania Social Services Union—Local 668 of the Service Employees International Union,* 752 A.2d 933 (Pa. Commw. 2000); *Turner v. Pennsylvania Board of Probation and Parole,* 749 A.2d 1018 (Pa. Commw. 2000).

Preliminary objections may be filed on the ground of legal insufficiency of a pleading; such an objection is commonly referred to as a demurrer. Preliminary objections in the nature of a demurrer require this court to resolve issues solely on the basis of the pleading with no other evidence being considered. *Mellon Bank v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and the law will not permit recovery. *Chichester School District v. Chichester Education Association,* 750 A.2d 400 (Pa. Commw. 2000), *allocatur denied,* 2000 Pa. Lexis 2684. If there is any doubt, it should be resolved by overruling the demurrer. *Id.*

A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without doubt fail to state a claim upon which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). If any theory will support the pleading challenged by the preliminary objection, the objection will be denied. *Cianfrani v. Commonwealth State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984).

The only issue to be resolved by a preliminary objection on the ground of legal insufficiency in the nature of a demurrer is whether the facts as alleged in the pleading are sufficient to entitle the claimant to relief. *Gillespie v. St. Joseph's University,* 355 Pa. Super. 362, 513 A.2d 471 (1986).

In ruling on a demurrer, this court must deem the defendant to have admitted all relevant facts sufficiently

pled and all inferences fairly deducible therefrom. *Chichester School District v. Chichester Education Association, supra.* With the above mentioned rules in mind, this court now turns to the case at bar.

We will first consider defendants' preliminary objection to the negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint. Defendants argue in support of their objection that it is unclear whether a cause of action for negligent infliction of emotional distress exists in this Commonwealth. To the extent that it does exist, defendants argue that such a cause of action may only be maintained under either the physical impact or bystander rules and that neither apply to the facts as alleged in plaintiffs' complaint. We agree only with defendants' claim that the plaintiffs have failed to allege sufficient facts to maintain a cause of action based on negligent infliction of emotional distress under either the bystander or physical impact rules.

Initially we note that we find no merit in defendants' argument that the very existence of the tort of negligent infliction of emotional distress in this Commonwealth is unclear. For many years plaintiffs have maintained causes of action based on the negligent infliction of emotional distress. However, the theories upon which such a cause of action may be maintained has been the subject of much controversy, litigation, and appear to this court to be somewhat unsettled. Unfortunately, this area of the law will remain unsettled until our Supreme Court provides further guidance. Nevertheless, our review of the cases and their application to the facts as alleged in plaintiffs' complaint lead us to conclude that plaintiffs have failed

to allege sufficient facts to maintain a cause of action for negligent infliction of emotional distress under any legally recognized theory.

Our Superior Court recently held that in order to recover for negligent infliction of emotional distress, a plaintiff must establish the defendant's breach of a duty and damages proximately caused thereby, and that the action may be sustained under the impact rule, the zone of danger rule, or the bystander rule. See *Shumosky v. Lutheran Welfare Services of Northeastern Pennsylvania Inc.,* 784 A.2d 196 (Pa. Super. 2001).

Initially, however, the law of this Commonwealth allowed recovery only for injuries resulting from mental distress where they were accompanied by physical injury or physical impact. *Knaub v. Gotwalt,* 422 Pa. 267, 220 A.2d 646 (1966). The physical impact rule, as it came to be known, was expanded by our Supreme Court in *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970). In *Niederman,* our Supreme Court stated:

"We today choose to abandon the requirement of a physical impact as a precondition to recovery for damages proximately caused by the tort in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact." *Niederman,* 436 Pa. at 413, 261 A.2d at 90.

This holding of this case became known as the zone of danger rule and is an exception to the impact rule.

In 1979, our Supreme Court in *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), addressed the question of whether to permit recovery for emotional distress by a

complainant who, while outside of the zone of danger, actually witnessed an accident causing serious injury to a close relative. The court held that recovery was permissible, finding that the *Niederman* zone of danger rule was too narrow. The court stated, "Since the *Niederman* decision, experience has taught us that the zone of danger requirement can be unnecessarily restrictive and prevent recovery in instances where there is no sound policy basis supporting such a result." *Sinn,* 486 Pa. at 155, 404 A.2d at 676. (footnote omitted) The court further expressed the view that *Niederman* precluded recovery on the basis of mere proximity, when the event witnessed outside of the zone of danger would produce the same result. To guard against an enlargement of liability, however, the court found it necessary to impose limits, in the form of forseeability requirements. The court set forth three factors to determine whether the complainant's injury was reasonably foreseeable:

(1) Whether the complainant was situated near the scene of the accident as contrasted with one who was a distance from it;

(2) Whether the complainant suffered shock as a result of witnessing the accident directly, as contrasted with one who learned about it from others after its occurrence; and

(3) Whether the victim and the complainant were closely related, as contrasted with an absence of any relationship or a distant relationship. *Sinn,* 486 Pa. at 170, 404 A.2d at 685.

The *Sinn* holding has come to be known as the bystander rule.

In the years following *Sinn,* the appellate courts that have addressed the theories upon which a plaintiff may maintain a cause of action for negligent infliction of emotional distress, however, have provided varied rulings. By way of illustration, although the physical impact rule finds support in a number of cases that have explicitly recognized its continued validity as a basis on which to establish a prima facie case of negligent infliction of emotional distress,[1] other cases appear to have held to the contrary. Recently, in *Hunger v. Grand Central Sanitation,* 447 Pa. Super. 575, 670 A.2d 173 (1996), *allocatur denied,* 545 Pa. 664, 681 A.2d 178 (1996), our Superior Court stated that: "[a] cause of action for negligent infliction of emotional distress exists in *only* two circumstances: (1) where a close family member experiences a contemporaneous sensory observance of physical injuries being inflicted on another family member,

---

1. In *Botek v. Mine Safety Appliance Corp.,* 531 Pa. 160, 611 A.2d 1174 (1992), the plaintiff was a trainee at a fire-fighting school and, during a simulated fire-fighting exercise, he put on an air pack which had been mistakenly filled with carbon monoxide instead of oxygen. The plaintiff suffered injuries as a result of his inhalation of the carbon monoxide and, thus, sought recovery from the manufacturer of the air pack. Our Supreme Court held that, because plaintiff had suffered physical injury, albeit relatively minor, "[a]ll of the consequent psychological and emotional pain and suffering [was] compensable . . . under the so-called impact rule." *Id.* at 166, 611 A.2d at 1177. See also, *Carson v. City of Philadelphia,* 133 Pa. Commw. 74, 574 A.2d 1184 (1990) (a physical impact analysis was performed to determine entitlement to relief on a claim for negligent infliction of emotional distress); *Tomikel v. PennDOT,* 658 A.2d 861, 864 (Pa. Commw. 1995) ("[w]here it is definitely established that injury and suffering were proximately caused by an act of negligence, and any degree of physical impact, however slight, can be shown, recovery for such injuries and suffering is a matter for the jury's determination.").

*Krysmalski v. Tarasovich,* 424 Pa. Super. 121, 622 A.2d 298 (1993); or (2) where the plaintiff nearly experiences a physical impact in that he was in the zone of danger of the defendant's tortious conduct. *Kazatsky v. King David Memorial Park,* [515 Pa. 183, 194, 527 A.2d 988, 993 (1987)]." 447 Pa. Super. 575, 585, 670 A.2d 173, 178 (1996). (emphasis added)[2]

Moreover, certain cases, such as *Hoffner v. Hodge,* 47 Pa. Commw. 277, 407 A.2d 940 (1979), *allocatur dismissed,* 498 Pa. 135, 445 A.2d 104 (1982), suggest that the zone of danger test is no longer valid. In *Hoffner,* the Commonwealth Court stated that

"*Niederman* . . . no longer represents the law of the Commonwealth in [the area of negligent infliction of emotional distress]. . . . In an attempt to eliminate the 'arbitrariness' inherent in the 'zone of danger' test, the Supreme Court substituted therefore an analysis based on the traditional tort law concept of foreseeability." *Id.* (citations omitted)

Additionally, in *Neff v. Lasso,* 382 Pa. Super. 487, 555 A.2d 1304 (1989), *allocatur denied,* 523 Pa. 637, 565 A.2d 445 (1989), our Superior Court stated that the zone of danger test had been abandoned upon the acceptance of the bystander rule.

---

2. We note, however, that in *Kazatsky, supra,* which is relied upon in *Hunger, supra,* our Supreme Court stated that the zone of danger rule is a limited exception to the impact rule whereby the requirement of a physical impact as a precondition to recovery was abandoned in those cases where the plaintiff was in personal danger of physical impact from the negligent force and actually feared physical impact although no physical impact actually occurred.

In 1993 our Superior Court again addressed the basis upon which a claim for negligent infliction of emotional distress may be maintained and stated that:

"When we look at Pennsylvania appellate cases against the backdrop of the development of the law of negligent infliction of emotional distress in other states, it becomes clear that Pennsylvania allows recovery for negligent infliction of emotional distress under two circumstances. First, and most commonly, in cases in which there is liability to a bystander . . . . Second, Pennsylvania also recognizes recovery in situations in which there is a contractual or fiduciary duty." *Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 55, 633 A.2d 605, 615 (1993), *allocatur denied,* 538 Pa. 663, 649 A.2d 666 (1994). The *Armstrong* court went on to state:

"The impact rule yielded to the zone of danger test in *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970). When *Niederman's* 'zone of danger' rule became unworkable, Pennsylvania adopted the forseeability test of *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979)." *Id.* at 45-46, 633 A.2d at 610.

Finally, at least one case suggests that the bystander rule is the only basis upon which a cause of action for negligent infliction of emotional distress may be maintained. See *Salerno v. Philadelphia Newspapers Inc.,* 377 Pa. Super. 83, 546 A.2d 1168 (1988) (the parameters for pleading a cause of action for negligent infliction of emotional distress are set forth under the bystander rule).

However, in 1996 in *Brown v. Philadelphia College of Osteopathic Medicine,* 449 Pa. Super. 667, 674 A.2d 1130 (1996), and again in 2001, in *Shumosky v. Lutheran*

*Welfare Services of Northeastern Pa.,* 784 A.2d 196 (Pa. Super. 2001), our Superior Court stated that the physical impact, zone of danger and bystander rules each remain valid and define the circumstances under which recovery will be permitted for negligent infliction of emotional distress.

Despite the confusion that may exist as to the basis upon which a plaintiff may maintain a cause of action for the negligent infliction of emotional distress, we find that based on the facts as alleged in the present complaint, plaintiffs have failed to state a claim upon which relief may be granted under any legally recognized rule.

Under the bystander rule, recovery depends on an analysis of three factors: (1) whether the plaintiff was located near the scene of the accident; (2) whether the plaintiff experienced a sensory and contemporaneous observation of the accident; and (3) whether the plaintiff and the victim were closely related. *Brown v. Philadelphia College,* 449 Pa. Super. 667, 674 A.2d 1130 (1996). Applying this rule to the facts as alleged in plaintiffs' complaint, it is clear to this court that the bystander rule does not apply. Although plaintiffs have alleged that they were both at the scene of the accident and that they were closely related, there are no allegations that they could observe or see each other at the time of the collision. To the contrary, plaintiffs allege that they were in separate rooms at the time of the collision. Accordingly, we find that the bystander rule does not apply to the facts as alleged in plaintiffs' complaint.

Under the zone of danger rule, a plaintiff may recover for the negligent infliction of emotional distress where he was in personal danger of physical impact because of

the direction of a negligent force against him and where plaintiff actually did fear the physical impact. *Niederman, supra.* Here, there simply are no allegations contained in plaintiffs' complaint to indicate that they were in actual fear of a physical impact. We, accordingly, find that the zone of danger rule does not apply.

Under the physical impact rule, where a plaintiff suffers physical injuries, even though they may be relatively mild, all of the consequent psychological and emotional pain and suffering is compensable and our law has long so held under the so-called "impact rule." *Botek v. Mine Safety Appliance Corp.,* 531 Pa. 160, 611 A.2d 1174 (1992). See also, *Tomikel v. PennDOT,* 658 A.2d 861 (Pa. Commw. 1995); *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987). Further, the jarring and jostling of the occupants of a car involved in a motor vehicle collision constitutes physical impact sufficient to entitle the occupants to recover for emotional distress. *Zelinsky v. Chimics,* 196 Pa. Super. 312, 175 A.2d 351 (1961). Where it is definitely established that injury and suffering were proximately caused by an act of negligence, and any degree of physical impact, however slight, can be shown, recovery for such injuries and suffering is a matter for the jury's determination. *Id.*

More recently in *Tomikel v. PennDOT,* 658 A.2d 861 (Pa. Commw. 1995), our Superior Court found sufficient physical impact where the plaintiff's vehicle was struck directly behind her seat by an excavator as she proceeded through a construction zone. Plaintiff claimed to have felt and heard the impact between her vehicle and the excavator and that her car lurched upon impact.

Defendants, here, argue that plaintiffs have failed to allege any physical impact whatsoever. They, therefore, claim that plaintiffs' complaint fails to state a claim for negligent infliction of emotional distress under the physical impact rule. Plaintiffs argue that although they did not allege any physical impact in their complaint, they are entitled to all reasonably deducible inferences from the well-pled facts, and that, here, it is certainly reasonable to conclude that they suffered a severe impact when the tractor-trailer crashed into their home.

After reviewing plaintiffs' complaint, and considering the applicable law, we believe that it is necessary for plaintiffs to allege a physical impact to maintain a cause of action for negligent infliction of emotional distress under the physical impact rule. In light of plaintiffs' failure to allege such an impact, we find that the physical impact rule does not apply to the facts as alleged in plaintiffs' complaint and that they, therefore, have failed to state a cause of action for negligent infliction of emotional distress. We, accordingly, Sustain defendants' preliminary objection and Dismiss the negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint.

We will next consider defendants' preliminary objection to the intentional infliction of emotional distress claims contained in Counts 7, 11, and 3 of plaintiffs' complaint. Defendants Schneider National Inc., and Schneider Specialized Carriers Inc., argue in support of their objection to the claims of intentional infliction of emotional distress contained in Counts 7 and 11 of plaintiffs' complaint that the alleged conduct contained in said counts is neither extreme nor outrageous, nor was the

complained of conduct alleged to have been committed with the intent to cause emotional distress to the plaintiffs. Defendants Schneider National Inc. and Schneider Specialized Carriers Inc., therefore, claim that plaintiffs have failed to state a claim upon which relief may be granted and request this court to dismiss said counts.

Defendant Michael Arthur Meyer similarly argues in support of his objection to the intentional infliction of emotional distress claims contained in Count 3 of plaintiffs' complaint that plaintiffs have failed to state a claim upon which relief may be granted because the complained of conduct was neither extreme nor outrageous. Defendant Meyer, therefore, requests this court to dismiss said count. In the alternative to a dismissal of Count 3, Defendant Meyer requests this court to strike plaintiffs' claim for punitive damages contained in said count.

Although our Supreme Court has never expressly recognized a cause of action for intentional infliction of emotional distress,[3] and thus has never formally adopted

---

3. In *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987), the Pennsylvania Supreme Court stated that it had "acknowledged but ha[d] never had occasion to specifically adopt" Restatement (Second) of Torts §46 which sets forth the tort of intentional infliction of emotional distress. 515 Pa. at 185, 527 A.2d at 988. The *Kazatsky* court ultimately concluded that, "because the evidence adduced in this matter does not establish a right of recovery under the terms of the provision as set forth in the Restatement, we again leave to another day the question of the viability of section 46 in this Commonwealth." 515 Pa. at 185, 527 A.2d at 988-89. See also, *Hoy v. Angelone,* 554 Pa. 134, 151 n.10, 720 A.2d 745, 753 n.10 (1998) (where plaintiff could not establish a right to recovery, even if the tort were recognized, the court would not consider whether to adopt section 46). Cf. *Taylor v. Albert Einstein Medical Center,* 562 Pa. 176, 181, 754 A.2d 650, 652 (2000) ("[a]lthough we have never expressly rec-

section 46 of the Restatement (Second) of Torts, the court has cited section 46 as setting forth the minimum elements necessary to sustain such a cause of action. See *Kazatsky v. King David Memorial Park, supra.* See also, *Taylor v. Albert Einstein Medical Center,* 562 Pa. 176, 754 A.2d 650 (2000).[4]

Liability for intentional infliction of emotional distress is limited to those cases in which the conduct complained of is extreme and outrageous. *Dawson v. Zayre Department Stores,* 346 Pa. Super. 357, 499 A.2d 648 (1985). Additionally, it is for the court to determine, in the first instance, whether a defendant's conduct can reasonably be regarded as so extreme and outrageous so as to permit recovery for alleged intentional infliction of emotional distress. *Id.* The requisite "intention" which one must display for liability to be imposed is knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct. *Hoffman v. Memorial Osteopathic Hospital,* 342 Pa. Super. 375, 492 A.2d 1382 (1985).

---

ognized a cause of action for intentional infliction of emotional distress, and thus have never formally adopted this section of the Restatement, we have cited the section as setting forth the minimum elements necessary to sustain such a cause of action.").

4. Despite the Supreme Court's failure to adopt section 46, both our Superior and Commonwealth courts have held that an action for the intentional infliction of mental distress is cognizable in Pennsylvania. See *Commonwealth of Pennsylvania v. Balisteri,* 329 Pa. Super. 148, 478 A.2d 5 (1984); *Bartanus v. Lis,* 332 Pa. Super. 48, 480 A.2d 1178 (1984); *Lazor v. Milne,* 346 Pa. Super. 177, 499 A.2d 369 (1985); *McNeal v. Easton,* 143 Pa. Commw. 151, 598 A.2d 638 (1991).

Section 46 of the Restatement (Second) of Torts provides in part:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

"The availability of recovery under section 46 is highly circumscribed. The tortuous conduct contemplated by the drafters of section 46 is described in their commentary:

"(d) *Extreme and outrageous conduct.* The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still

in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt." Restatement (Second) of Torts §46 comment d.

With the above mentioned standard and rules in mind, this court finds that plaintiffs' allegations and claims for intentional infliction of emotional distress against defendants Schneider National Inc. and Schneider Specialized Carriers Inc. contained in Counts 7 and 11 of their complaint are insufficient to establish that said defendants acted in an extreme and/or outrageous manner, and that plaintiffs have, therefore, failed to state a claim upon which relief may be granted in said counts. We, accordingly, Sustain defendants Schneider National Inc. and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) and Dismiss Counts 7 and 11 from plaintiffs' complaint.

Defendant Michael Arthur Meyer's objection to the claims contained in Count 3, however, is Overruled. We believe that the allegations contained in said count, if proven, are sufficient for a jury to find that defendant Meyer's conduct was extreme, outrageous, and reckless to the point of putting innocent lives in extreme danger.

Defendant Michael Arthur Meyer's request that plaintiffs' claim for punitive damages contained in Count 3 be stricken as legally insufficient is also Denied.

Punitive damages are available in cases where the defendant has acted tortiously in an extremely outrageous

manner, and are awarded to deter him and others from such future conduct. *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986). Punitive damages are awarded when the conduct of the defendant is more serious than the mere commission of the tort. *Geyer v. Steinbronn,* 351 Pa. Super. 536, 506 A.2d 901 (1986). When deciding whether to award punitive damages, the fact-finder must look at the character of the act, and all of the circumstances, including the mental state and motive of the wrongdoer, the relations of the parties, and the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause. *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 555 A.2d 800 (1989).

Pennsylvania has adopted the guidelines of section 908 of the Restatement (Second) of Torts regarding the imposition of punitive damages. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). An essential fact needed to plead a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an "act done with a bad motive or with a reckless indifference to the interests of others." See *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970), citing comment (b) to section 908 of the Restatement (Second) of Torts. Moreover, comment (b) to section 908 provides that "punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence."

Furthermore, a plaintiff must plead those facts upon which his/her claim for punitive damages is based. Simply averring "outrageous conduct" or "reckless indifference to the interests of others" amounts to pleading conclusions, not facts. *Smith v. Brown,* 283 Pa. Super. 116,

423 A.2d 743 (1980). Boilerplate allegations that the defendant's conduct was willful, wanton, outrageous, grossly negligent, or reckless fail to meet this standard as well. See *id.*

After a careful and meticulous review of relevant case law regarding punitive damages, and after accepting as true all of plaintiffs' well-pled facts, we conclude that plaintiffs have pled sufficient facts which, if proven, could permit a jury to find that defendant Meyer's conduct was both extreme and outrageous.

Defendants' final objection is made pursuant to Pa.R.C.P. 1028(a)(2) wherein they claim that plaintiffs' request for counsel fees must be stricken for failure to conform to law. We agree. 42 Pa.C.S. §2503 sets forth the rights of litigants to receive counsel fees.[5] Based

5. Section 2503. Right of participants to receive counsel fees.

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

thereon, this court finds that plaintiffs are not entitled to an award of counsel fees. We, accordingly, Sustain defendants' preliminary objection and Order plaintiffs' request for counsel fees Stricken from plaintiffs' complaint.

In sum, this court (1) Sustains defendants Michael Arthur Meyer, Schneider National Inc., and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) and Dismisses the negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint; (2) Grants plaintiffs a period of 20 days from the date of this opinion and order to file an amendment only to the claims contained in Counts 2, 6, and 10 of their complaint, and if plaintiffs fail to file an amendment, defendants shall file their answers; (3) Sustains defendants Schneider National Inc. and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) and Dismisses the claims contained in Count 7 and 11 of plaintiffs' complaint; (4) Overrules defendant Michael Arthur Meyer's preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) to the claims contained in Count 3 of plaintiffs' complaint; (5) Overrules defendant Michael Arthur Meyer's preliminary objection made

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

pursuant to Pa.R.C.P. 1028(a)(4) to plaintiffs' claim for punitive damages contained in Count 3 of plaintiffs' complaint; and (6) Sustains defendants Michael Arthur Meyer, Schneider National Inc., and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(2) to the plaintiffs' request for counsel fees and orders the same Stricken from plaintiffs' complaint.

## ORDER

And now, March 26, 2002, upon consideration of the preliminary objections filed on behalf of defendants, Michael Arthur Meyer, Schneider National Inc., Schneider Specialized Carriers Inc., and upon further consideration of applicable law, briefs, arguments, and submissions of counsel, it is hereby ordered and decreed that (1) defendants Michael Arthur Meyer, Schneider National Inc., and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) to the claims for negligent infliction of emotional distress claims contained in Counts 2, 6, and 10 of plaintiffs' complaint is sustained and the same are dismissed from plaintiffs' complaint; (2) plaintiffs are granted a period of 20 days from the date of this opinion and order to file an amendment only to the claims contained in Counts 2, 6, and 10, and if plaintiffs fail to file such an amendment, defendants shall then file their answers; (3) defendants Schneider National Inc., and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) to the claims contained in Counts 7 and 11 of plaintiffs' complaint is sustained and said claims are dismissed; (4) defendant Michael Arthur

Meyer's preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) to the claims contained in Count 3 of plaintiffs' complaint is overruled; (5) defendant Michael Arthur Meyer's preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) to plaintiffs' claim for punitive damages contained in Count 3 is overruled; and (6) defendants Michael Arthur Meyer, Schneider National Inc., and Schneider Specialized Carriers Inc.'s preliminary objection made pursuant to Pa.R.C.P. 1028(a)(2) to the plaintiffs' request for counsel fees is sustained and the same stricken from plaintiffs' complaint.